# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 27, 2010

No. 09-20672
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MALON JACKSON, also known as Samera Zaid,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-569-2

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Malon Jackson pled guilty and was given a 65-month sentence for one count of conspiracy to commit mail fraud, wire fraud, and bank fraud, and for one count of aggravated identity theft and aiding and abetting.

On appeal, Jackson argues that the district court erred by applying a four-level enhancement pursuant to U.S.S.G. § 3B1.1 based on Jackson's role as a leader or organizer in the offense. The determination that a defendant is a leader or organizer is ordinarily a factual finding reviewed by this court for clear

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-20672

error. *United States v. Cabrera*, 288 F.3d 163, 173 (5th Cir. 2002). The Government argues, however, that because Jackson withdrew her objection to the enhancement, review is for plain error.

With respect to Jackson's contention that she did not act as a leader or organizer of the conspiracy, there was no error, plain or otherwise. The facts in the presentence report and Jackson's own admissions during her rearraignment provide evidence that she recruited Leslie Washington to participate in the conspiracy, provided her with information to open fraudulent credit card accounts, and paid Washington for her expenses. Further, Washington collected fraudulent credit cards that were mailed to various addresses and forwarded those credit cards to Jackson at addresses she provided. Jackson also recruited at least three other individuals to participate in the conspiracy. There was therefore no error in the district court's conclusion that Jackson acted as a leader or organizer in the conspiracy. *See United States v. Giraldo*, 111 F.3d 21, 24 (5th Cir. 1997).

Jackson has moved this court pro se to dismiss her counsel and to appoint substitute counsel. "Counsel may be relieved upon a showing that there is a conflict of interest or other most pressing circumstances or that the interests of justice otherwise require relief of counsel." Fifth Circuit Plan For Representation under the Criminal Justice Act § 5(B). Jackson has failed to make such a showing.

For the foregoing reasons, the judgment of the district court is AFFIRMED. Jackson's motion to dismiss retained counsel and to have new counsel appointed is DENIED. Jackson may bring any "ineffective assistance of counsel" claims in a 28 U.S.C. § 2255 motion.